## Case No. 14,219.

### TUCKER et al. v. FOWLER et al.

[1 Hayw. & H. 67.] [1]

Circuit Court, District of Columbia. March 31, 1842.

BANKS—ASSIGNMENT—HOLDER OF NOTES—PREFERENCE—ILLEGAL ISSUE OF NOTES.

A firm of bankers having issued and circulated notes payable to bearer of less denominations than five dollars, and subsequently having made an assignment giving a priority or preference in payment to the holders of these notes, it was held that such holders were entitled to the preference in the distribution of assets, notwithstanding the act of congress of July 7, 1838 [5 Stat. 309].

[This was a bill in equity by Enoch Tucker and others against Charles S. Fowler and others and their assignees Joseph H. Bradley and Charles F. Frary.]

R. S. Coxe and Walter Lenox, for complainants.

Walter Jones and Joseph H. Bradley, for defendants.

BY THE COURT. The bill averred that complainants were depositors with the banking-house of the defendants Fowler & Co.; that said firm had issued and circulated as currency a number of notes made payable to bearer of various denominations under the value of five dollars; that said defendants had made an assignment to the defendants Bradley and Frary, which provided that the said assignees, after deducting, from the proceeds of property assigned which might come into their hands, certain expenses and compensation, should then apply all moneys, proceeds and avails accruing to them, to satisfy and pay the holders of said circulating notes, and the balance remaining, to the payment of the other creditors of the assignors; that by act of congress of July 7, 1838, it was made unlawful for any individual after the 10th of April, 1839, within the District of Columbia, to issue any note or other paper currency of a less denomination than five dollars; that said notes were circulated in said District, and were consequently il-

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

legal, null and void, and prayed an injunction to restrain the assignees from giving a priority to the holders of such notes. The notes were drawn by Fowler & Co., dated at Baltimore, Md., and were made payable at their exchange office at Washington, D. C.

The court allowed a preliminary injunction, a motion to dissolve was made by the defendants, which was granted, and the court held that the holders of said notes were entitled to a priority of payment over the other creditors, and that the assignment so far was legal.